Case 2:03-cv-02186-LGB-VBK    Document 17    Filed 04/23/2003    Page 1 of 4

ORIGINAL



       X Priority
       X Send
       ___ Clsd
       X Enter
       X JS-5/JS-6
       ___ JS-2/JS-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

**Case No.:** CV 03-2186 LGB (VBKx)     **Date:** April 23, 2003

**Title:** <u>Jimetta Moore v. Lucent Technologies, et al.</u>

================================================================
DOCKET ENTRY
================================================================

**PRESENT:** Hon. Lourdes G. Baird, United States District Judge

    <u>Catherine Jeang</u>            <u>None Present</u>
    Deputy Clerk               Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**

    <u>None Present</u>               <u>None Present</u>

**PROCEEDINGS:**   In chambers

    On April 14, 2003, this Court issued Defendant Avaya, Inc. ("Avaya") an Order to Show Cause why this case should not be remanded based on failure to timely remove. Avaya timely responded to the Court's OSC on April 21, 2003. Plaintiff also filed a response to the Court's OSC on April 21, 2003, as well as a Reply to Avaya's Response, filed April 22, 2003.[1]

    First, as to timeliness, the Court finds that the case was timely removed. According to 28 U.S.C. § 1446(b):

> The notice of removal of a civil action shall be filed within thirty days after the receipt by the defendant . . . of the initial pleading setting forth the claim for relief

---

[1] Defendant Avaya filed an Objection to Plaintiff's briefs on the April 23, 2003, on the ground that these pleadings were not previously authorized by the Court and that Plaintiff did not obtain leave of Court to file them. The Court exercises its discretion and will consider all the papers which both sides have filed to date.

1

upon which such action or proceeding is based . . . . <u>If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable</u>, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

<u>Id.</u> (emphasis added) "The elements of removability must be specifically indicated in official papers before the statutory period begins to run." <u>Riggs v. Continental Baking Co.</u>, 678 F. Supp. 236, 238 (N.D. Cal. 1988). Here, Avaya argues that the case was not removable until February 26, 2003, the date on which the parties entered into a Stipulation to Substitute Defendant Avaya as a Defendant for Defendants Lucent Technologies, AT&T Business Systems, and AT&T Communications of California, Inc. <u>See</u> Def. Notice of Removal, Ex. I. Prior to the date of that Stipulation, Avaya argues that there were non-diverse, non-fraudulently joined Defendants in the case, and thus removal was not proper. However, after the Stipulation, Avaya claims that the only non-diverse Defendant remaining in the case (Larry Holt) was fraudulently joined. Without considering the fraudulent joinder issue, the Court concludes that this is an adequate basis for Avaya to argue that the case became removable on February 26, 2003 with the filing of the Stipulation, a "paper" indicating that the case was removable. The case was removed on March 28, 2003, within the statutory thirty-day time limit. Therefore, the Court's April 14, 2003 Order to Show Cause is hereby **DISCHARGED**.

The parties have also addressed the issue of subject-matter jurisdiction and fraudulent joinder at length in their papers, so the Court will consider whether subject-matter jurisdiction is proper. Title 28 U.S.C. § 1441 provides that: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In order for diversity jurisdiction to exist, no plaintiff and defendant may be citizens of the same state, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Avaya asserted in its Notice of Removal that subject-matter jurisdiction is proper under 28 U.S.C. § 1332.

The parties do not dispute that there are currently only two

Defendants remaining in the case: (1) Avaya and (2) Larry Holt. The parties also do not dispute that both Plaintiff and Larry Holt are citizens of California, and that Avaya is not a citizen of California. Therefore, from the face of the Complaint, jurisdiction is not proper based on 28 U.S.C. § 1332, because all parties are not diverse.

However, Avaya argues that Larry Holt should be disregarded as a "sham defendant." Plaintiff has asserted two causes of action against Defendant Holt: (1) retaliation in violation of California Fair Employment and Housing Act ("FEHA") and (2) intentional infliction of emotional distress. Avaya argues that there is no possibility that Plaintiff can establish liability against Defendant Holt on either of these causes of action.

The burden of proving a fraudulent joinder is a heavy one. Davis v. Prentiss Properties Ltd., 66 F. Supp. 2d 1112, 1117 (C.D. Cal. 1999). Fraudulent joinder is established when the plaintiff fails to state a cause of action against a resident defendant and that failure is obvious according to the settled rules of the state. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); Davis, 66 F. Supp. 2d at 1114.

As to Plaintiff's first cause of action for retaliation, Avaya argues that this cause of action is time-barred. Def. Notice of Removal at 5-6. Avaya rests its argument on the fact that Plaintiff testified at her deposition that her last contact with Defendant Holt was in 1998. Id. at 6. However, Plaintiff disputes that her action is time-barred, relying on the continuing violation doctrine. Pl. Reply (4/22/03) at 10-13. Under this doctrine, Plaintiff need only allege that the last act of retaliation occurred within the statutory period. Accardi v. Superior Court, 17 Cal. App. 4th 341, 349 (1993). Plaintiff argues that Defendant Holt made decisions to lay off Plaintiff and not to rehire her, even after he stopped directly supervising her in 1998. Pl. Reply at 10. The Court does not find that Plaintiff has "obviously" failed to state a cause of action for retaliation against Defendant Holt under settled California law. Because the Court reaches this conclusion as to the retaliation cause of action, it need not address Plaintiff's second cause of action against Defendant Holt for intentional infliction of emotional distress. Because Plaintiff has stated a cause of action against Defendant Holt for retaliation, the Court concludes that Defendant Holt is not "fraudulently joined."

///
///
///

3

Based on the foregoing, the Court finds that there is not complete diversity between the parties. Therefore, removal is improper. The Court hereby **REMANDS** the action to Los Angeles County Superior Court.

Deputy Clerk  _____amy._____